UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN L. MALMSBERRY,

     Petitioner,

v.                                         CASE NO. 6:10-cv-1407-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 9).  Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges nineteen claims for relief in his habeas petition, including numerous subclaims totaling approximately thirty-three grounds.  For the following reasons, the Court finds that Petitioner is not entitled to relief on his claims.

### I.  *Procedural History*

Petitioner was charged with aggravated battery with a deadly weapon or causing

great bodily harm (count one) and aggravated assault with a deadly weapon (count two). After a jury trial, Petitioner was convicted of count one as charged and was acquitted of count two. The trial court sentenced Petitioner to a four-year term of imprisonment to be followed by ten years of probation.[1] Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner then filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, alleging eighteen grounds for relief. Petitioner subsequently amended and supplemented his Rule 3.850 motion, after which the trial court summarily denied relief. On appeal, the Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of Petitioner's claims. The instant federal petition for writ of habeas corpus follows.

## II.    Legal Standards

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

[1]Petitioner was subsequently released from prison and began serving his probation. However, the trial court found that Petitioner violated his probation, and on January 31, 2012, the trial court sentenced Petitioner to an additional six years in prison.

State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685,

697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.     *Standard for Ineffective Assistance of Counsel***

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

Additionally, a court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness

4

of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.    *Claim One*

Petitioner claims that the trial court erred by improperly instructing the jury that using deadly force against the victim was not justifiable if he was committing an aggravated battery. In support of this claim Petitioner alleges that he had only one defense to the aggravated battery charge, that he acted in self defense (Doc. No. 1 at 6). Petitioner contends that he was not charged with a separate forcible felony, and therefore, the erroneous jury instruction essentially negated his sole defense. *Id.* at 6-7.

Respondents argue that this claim is unexhausted because it was not raised as a federal constitutional claim in the state court. Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The Court has reviewed Petitioner's initial brief filed with the Fifth District Court of Appeal and agrees that Petitioner did not cite to federal law or the United States Constitution when arguing the instant claim (App. B). The Court finds that claim one remains unexhausted.

Moreover, the Court is precluded from considering this claim, as the claim would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not

return to the state court to raise this ground as he has already had a direct appeal and this claim is not cognizable in a Rule 3.850 motion. Thus, Petitioner's claim is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, the Court will not consider Petitioner's claim.

**B.**     *Claims Two, Three, Four, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen*

Respondents argue that claims two through four and nine through nineteen are procedurally defaulted. In these claims Petitioner alleges the following: (2) the charges against him were the result of a discriminatory enforcement of the law; (3) he was convicted as a result of selective prosecution; (4) his charges are the result of vindictive prosecution; (9) judicial bias contributed to his conviction; (10) his conviction was obtained as a result of prosecutorial misconduct; (11) the prosecutor made numerous misstatements of material fact at trial; (12) testimony was introduced at trial without affording him the opportunity to confront and cross-examine the witness; (13) the evidence was insufficient to support a conviction; (14) his conviction was obtained by numerous state court errors; (15) the trial court applied the rules of evidence in such a way so as to deprive him of his right to present a defense; (16) the unavailability of the victim was not shown; (17) he was convicted on the basis of facts which were different from those on which the charges were based; (18) the prosecutor impermissibly vouched for the credibility of a witness; and (19) his conviction resulted from numerous errors which were not found to be harmless.

Petitioner raised these claims in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court found the claims were procedurally barred because they could have been or should have been raised on direct appeal (App. H). On appeal, the Fifth District Court of Appeal affirmed *per curiam* (App. I).

A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990); *see also Ferguson v. Sec'y Dep't of Corr.*, 580 F.3d 1183, 1218 (11th Cir. 2009); *Swain v. Singletary*, 42 F.Supp.2d 1284, 1290 (M.D. Fla. 1999). "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court." *Harmon*, 894 F.2d at 1273. Therefore, the Court will apply the state procedural bar and will not address these claims on the merits.

Furthermore, Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims two through four and nine through nineteen are procedurally barred from review.

### C.    Claim Five

Petitioner claims that the State failed to disclose evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In support of this claim, Petitioner alleges

that the State failed to turn over the official police investigation report of Deputies Schotts and Wright as well as the depositions of Doug Dixon and Melissa Parcell (Doc. No. 1 at 15). Petitioner notes that while he cannot prove that the Government willfully failed to disclose Dixon and Parcell's depositions, he notes that to date he has not received those depositions. *Id.* Moreover, Petitioner contends that the police reports would have enabled him to further impeach Kenneth Sterns ("Sterns") at trial and enabled him to better argue for a motion for judgment of acquittal as to the aggravated assault charge. *Id.*

Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court summarily denied the claim pursuant to *Strickland*, noting first that the depositions of Dixon and Parcell were never transcribed, therefore, the State was not required to turn over documents that did not exist (App. H at 3). Furthermore, the court found that the State provided the defense with all of the written statements and police reports made in the case. *Id.* On appeal, the Fifth District Court of Appeal affirmed *per curiam* (App. I).

To prevail on a claim of discovery violation brought under *Brady*, a petitioner must demonstrate (1) the government possessed evidence favorable to the defendant; (2) the evidence was suppressed willfully or inadvertently; and (3) prejudice resulted. *See also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evidence is "material" under *Brady* when there "'is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). A *Brady* violation occurs "'only if the defendant can show

prejudice, e.g., the material came so late that it could not be effectively used.'" *United States v. Brye*, 318 F. App'x 878, 881-82 (11th Cir. 2009) (quoting *United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991)).

Petitioner has not demonstrated that he is entitled to relief on this claim. Petitioner admits that he cannot prove a *Brady* violation with respect to the disclosure of the Dixon and Parcell's depositions. The Court also notes Petitioner has not alleged or shown that the depositions of Dixon and Parcell, who were defense witnesses at trial, contained any favorable or exculpatory information of which he was not aware. Moreover, as the state court noted, the depositions of these witnesses were never transcribed, therefore, there is no indication that the State violated *Brady* by failing to turn over documents that it did not have in its possession. Additionally, to the extent that the State failed to turn over police reports, the Court finds that Petitioner cannot demonstrate that prejudice resulted. Although Petitioner states that the police reports were necessary to impeach Sterns in order to show that the aggravated assault did not occur, Petitioner fails to note that he was acquitted of the aggravated assault charge. Thus, there is no reasonable probability that if these police reports had been disclosed that the result of the proceeding would have been different.

As such, the state court's denial of this claim was neither contrary to, or an unreasonable application of federal law, nor was the decision an unreasonable determination of the facts in light of the evidence presented. Accordingly, claim five is denied pursuant to § 2254(d).

### D. Claim Six

In claim six Petitioner alleges that trial counsel rendered ineffective assistance by failing to conduct a reasonable pretrial investigation and for failing to (a) request discovery from the State, (b) raise the issue of the discriminatory prosecution, (c) raise the issue of selection prosecution, (d) raise the issue of vindictive prosecution, (e) investigate the State's *Brady* violation, and (f) request investigative reports from the Osceola County Sheriff's Office.

### 1. Failure to Request Discovery from the State

Petitioner alleges that trial counsel rendered ineffective assistance by failing to request discovery from the State. Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court summarily denied the claim, finding that pursuant to the Ninth Judicial Circuit Court's Administrative Order No. 2003-06, the State will automatically send discovery to the defense unless the defense opts out in writing (App. H). The court found that there was no need for counsel to request discovery in this case. *Id.* The Fifth District Court of Appeal affirmed *per curiam* (App. I).

Petitioner has not demonstrated that he is entitled to relief on this claim. At the time of Petitioner's trial, pursuant to an Administrative Order issued in the Ninth Judicial Circuit Court for Orange and Osceola Counties, the Offices of the State Attorney and Public Defender agreed that the State Attorney would automatically comply with the applicable discovery rules pursuant to Florida Rule of Criminal Procedure 3.220 after the filing of a charging document or appointment of the Office of the Public Defender. Order Governing

Amended Blanket Notices of Intent to Participate in Discovery, Fla. Admin. Order 2003-06 (March 17, 2003). Therefore, counsel did not act deficiently by failing to file an official request for discovery because none was required in the instant case. The state court's determination of this claim was not contrary to, nor was it an unreasonable application of, federal law. This claim is denied pursuant to § 2254(d).

### 2. Failure to Object to Discriminatory, Selective, and Vindictive Prosecution

In subclaims (b), (c), and (d), Petitioner alleges that trial counsel was ineffective for failing to raise the issue that his prosecution was the result of discriminatory, selective, or vindictive prosecution. Petitioner maintains that he initially was charged with a misdemeanor, but after making a self-defense claim his charge was increased from a misdemeanor to a battery. Petitioner raised these claims in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court summarily denied these claims, finding the state attorney had discretion to charge Petitioner with a felony, and as such, there was no legal basis for challenging that decision (App. H). The Fifth District Court of Appeal affirmed *per curiam*.

"To show selective prosecution, each petitioner has the 'heavy burden' of meeting two requirements": first, that "'he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted'" and second, "the government's selective prosecution of him has been constitutionally invidious." *Jones v. White*, 992 F.2d 1548, 1571 (11th Cir. 1993) (quoting *Owen v. Wainwright*,

806 F.2d 1519, 1523 (11th Cir. 1886)). The State retains "broad discretion" as to whom it will prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1985).

Petitioner has failed to make a showing that the State committed selective or discriminatory prosecution in the instant case. Petitioner has not demonstrated that he was singled out for prosecution from other similarly situated individuals who committed the same acts as him. The evidence demonstrates that Petitioner was the only person who hit anyone on the night the aggravated battery occurred. There is no evidence that the victim, who was struck by a bottle in his face which resulted in lacerations and a ruptured eye, hit or touched Petitioner in any manner. Thus, Petitioner has not met his initial burden to establish a selective or discriminatory prosecution claim. Furthermore, even assuming Petitioner had met his initial burden, he has not shown that the State's alleged selective prosecution of him was constitutionally invidious. Petitioner has provided the Court with no allegations that he was prosecuted as a result of his race or some other constitutionally protected status. As such, Petitioner has failed to establish that the state court's denial of this claim is contrary to, or unreasonable application of, federal law, and this portion of the claim is denied.

With respect to Petitioner's claim that he was vindictively prosecuted, the Court also finds that Petitioner has not demonstrated that he is entitled to relief. To establish a claim of vindictive prosecution, "Petitioner must show that '(1) the prosecutor acted with genuine animus toward the defendant, and (2) the defendant would not have been prosecuted but for that animus.'" *Baker v. Thomas*, No. 2:06-c-v-201-MHT, 2008 WL 2225753,

at *8 (M.D. Ala. May 27, 2008) (quoting *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). Petitioner has failed to provide the Court with any evidence in support of his claim of vindictive prosecution. His claim is no more than a bare or conclusory assertion that the charges against him were "vindictive" because he asserted a self-defense claim. The Court finds that Petitioner's claim is speculative and does not warrant relief. *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel). Petitioner cannot shown that the state court's determination of this claim was contrary to, or resulted in an unreasonable application of clearly established federal law. This portion of Petitioner's claim is denied pursuant to § 2254(d).

### 3.    *Failure to Investigate Brady Violation and Request Police Reports*

Petitioner claims that trial counsel rendered ineffective assistance by failing to investigate the State's *Brady* violation and by failing to request the investigative police reports. These claims were raised in Petitioner's amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court summarily denied the claims pursuant to *Strickland* (App. H). The Fifth District Court of Appeal affirmed *per curiam* (App. I).

As the Court noted in relation to ground five, there is no indication that the State committed a *Brady* violation, and, even if the State had failed to disclose deposition transcripts or investigative reports, Petitioner has not demonstrated prejudice. As such, defense counsel did not act deficiently in failing to investigate the alleged *Brady* violations. The state court's determination of this claim was not contrary to, or an unreasonable

application of, federal law. This claim is denied pursuant to § 2254(d).

### E.    *Claim Seven*

In claim seven Petitioner alleges that trial counsel rendered ineffective assistance by failing to: (a) address the issues of discriminatory prosecution, (b) address the allegations of selective prosecution, (c) address the issue of vindictive prosecution, (d) failing to raise the issue that the State committed a *Brady* violation, (e) raise the issue that the State used perjured testimony at trial, (f) object when the prosecutor made misstatements of fact during closing arguments, (g) perform a proper pretrial investigation of the victim and properly object and argue that they did not have the opportunity to depose or cross-examine the victim, (h) raise the issue that the unavailability of the victim was not shown, (I) raise the issue that he was being tried on the basis of facts that were different than those on which the charges were based, and (j) raise the issue of multiple *Chapman* errors occurring at trial which were not shown to be harmless.[2]

### 1.    *Failure to Object to the State's Use of Perjured Testimony at Trial*

Petitioner argues that trial counsel rendered ineffective assistance by failing to object to the prosecutor's use of perjured testimony at trial. In support of this claim, Petitioner states that the testimony given by Kurt Steinmetz was factually different from the statements he made in his deposition and counsel should have brought this to the state court's attention (Doc. No. 1 at 20).

---

[2]The Court notes that it addressed subclaims (a) through (d) in relation to ground six, and therefore, will not re-address the claims here.

A conviction obtained through the knowing use of perjured testimony is fundamentally unfair and a violation of due process. *United States v. Bagley*, 473 U.S. 667, 677 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). A petitioner can establish a violation by showing that "(1) the prosecutor 'knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony,' and (2) there is a reasonable probability that the perjured testimony could have affected the judgment." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010) (quoting *Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006)). A petition must show that (1) the statements were "actually" false, (2) the statements were material, and (3) the prosecution knew they were false. *Id.* "The use of testimony that is inconsistent with a witness's prior testimony or that of a codefendant does not suffice to show that the proffered testimony was false." *Id.* (citing *Hays v. Alabama*, 85 F.3d 1492, 1499 (11th Cir. 1996) and *United States v. Michael*, 17 F.3d 1383 (11th Cir. 1994)).

Petitioner has not demonstrated that Steinmetz's testimony at trial was false or that the prosecution knowingly presented false testimony. Petitioner merely states that there were inconsistencies between Steinmetz's pretrial statements and trial testimony, however, Petitioner does not point to any specific statements made by Steinmetz that were allegedly perjured. Inconsistent statements do not rise to the level of perjury, and Petitioner has not proven that perjured statements were made in this case. As such, trial counsel did not act deficiently in failing to raise this issue.

Petitioner has not shown that the state court's determination of this claim was contrary to, or resulted in an unreasonable application of, clearly established federal law.

Accordingly, this claim is denied pursuant to § 2254(d).

### 2. *Failure to Object to Prosecutorial Misconduct*

Petitioner claims that trial counsel rendered ineffective assistance by failing to object to the prosecutor's misstatements of fact during closing arguments. In support of this claim, Petitioner contends that the prosecutor made numerous statements during closing argument regarding the victim picking his eyeball off the ground and putting it back in his head (Doc. No. 1 at 21). Petitioner argues that these statements were inflammatory and counsel should have objected accordingly (Doc. No. 1 at 21). Petitioner raised this claim in his amended Rule 3.850 motion (App. F-2). The trial court summarily denied the claim pursuant to *Strickland*, noting that Petitioner mischaracterized the statements made by the prosecutor and finding counsel had no basis to object to the State's remarks (App. H). The Fifth District Court of Appeal *per curiam* affirmed (App. I).

Claims based on the statements of a prosecutor are assessed using a two-pronged analysis: first, the court must determine whether the comments at issue were improper, and, second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1182 (11th Cir. 2010); *see also Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997). A trial is rendered fundamentally unfair only where there is a reasonable probability that the outcome of the trial would have been different or a probability sufficient to undermine confidence in the outcome. *Spencer*, 609 F.3d at 1182; *Williams v. Kemp*, 846 F.2d 1276, 1283 (11th Cir. 1988).

In arguing that the prosecutor made improper statements during closing arguments, Petitioner points to the prosecutor's comment regarding the injury to the victim's eye, in which the prosecutor stated: "His eyeball falling out to where he had to put it back in when he fell to the ground." (App. A at 177). The prosecutor later stated "the defendant struck him [the victim] in the face with a beer bottle. No reason, no provocation, struck him in the face, so hard that the beer bottle smashed, so hard that his eyeball fell out of his head and he had to put it back in." *Id.* at 181. The State made two additional comments regarding this matter, in which it stated that the victim's eyeball was "knocked out" or had fallen out. *Id.* at 193-94.

The victim testified that after Petitioner hit him in the face with a beer bottle, he had to "kinda shove" his eye back into place. *Id.* at 34. At that point, the victim stated that he sank to his knees and stayed there, at which time he noticed he was bleeding profusely. *Id.* at 35. Dr. Paul Winslow testified that Petitioner suffered from a ruptured globe laceration and extensive facial lacerations. *Id.* at 84. Dr. Winslow explained that Petitioner had a severe laceration to the wall of his eye and thus the wall had to be stitched back together. *Id.* at 85.

Petitioner has not demonstrated that the statements made by the prosecutor were improper. Florida courts allow attorneys wide latitude during closing arguments. *Thomas v. State*, 748 So. 2d 970, 984 (Fla. 1999). Moreover, the Florida Supreme Court has stated that "[l]ogical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Id.* The prosecutor did not mischaracterize the evidence or make a

misstatement of fact. The victim testified that he had to put his eye back into place. Contrary to Petitioner's argument, the prosecutor never made a statement that the victim had to pick his eye up from off of the ground. Defense counsel had no basis to object to the State's comments because they did not contain a misstatement of fact. The State was merely arguing its view of the evidence presented in this case. *See McArthur v. State*, 801 So. 2d 1037 (Fla. 5th DCA 2001). As such, there is no indication that the state court's denial of this claim was contrary to, or resulted in an unreasonable application of *Strickland*. Accordingly, this claim is denied pursuant to § 2254(d).

### 3. *Failure to Perform Adequate Pretrial Investigation of the Victim and Failure to Argue that the Victim's Unavailability Was Not Shown*

Petitioner next argues that trial counsel rendered ineffective assistance by failing to perform a proper pretrial investigation of the victim and by failing to properly object and argue that the defense did not have the opportunity to depose or cross-examine victim Sterns, the victim for count two. In a related claim, Petitioner asserts that trial counsel failed to raise the fact that Sterns' unavailability for trial was not shown. Petitioner does not argue why deposing Sterns was necessary or why counsel's failure to depose Sterns or argue he was not unavailable for trial resulted in prejudice. Petitioner raised these claims in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court denied the claims pursuant to *Strickland* (App. H). The Fifth District Court of Appeal affirmed *per curiam* (App. I).

The Court finds that Petitioner has not demonstrated that he is entitled to relief on

this claim. Even if counsel failed to properly depose Stern and failed to argue that there was no showing of Stern's unavailability for trial, Petitioner cannot demonstrate prejudice because he was acquitted of count two. As such, the state court's determination of this claim was not contrary to, or an unreasonable application of *Strickland*. These claims are denied pursuant to § 2254(d).

**4.** *Failure to Argue a Variance from the Information*

Petitioner claims that trial counsel was ineffective for failing to raise the issue that he was being tried on the basis of facts that were different than those on which the charges were based. Petitioner states that counsel should have raised this proof of a "variance" at the time of trial (Doc. No. 1 at 22). Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court summarily denied the claim pursuant to *Strickland* (App. H). The Fifth District Court of Appeal affirmed *per curiam* (App. I).

Petitioner has not demonstrated that he was tried and convicted on facts that were different than those on which the charges were based. Petitioner was charged with aggravated battery with a deadly weapon or causing great bodily harm for striking the victim, Jeffrey Rubertone, with a glass bottle in the face (App. A at 4). Petitioner was not convicted of a charge that was different than the one in the information. Moreover, pursuant to Florida law, no information "shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the . . . information . . . unless the court shall be of the opinion that the . . . information is so vague, indistinct, and indefinite as to

mislead the accused and embarrass him . . . in the preparation of a defense." Fla. R. Crim. P. 3.140(o). Petitioner has not shown that the information was so vague, indistinct, or indefinite that it misled him or prevented him from preparing a defense in this case. Thus, Petitioner has not demonstrated that counsel acted deficiently by failing to raise this issue prior to trial.

The state court's determination of this claim was contrary to, or resulted in an unreasonable application of clearly established federal law. This claim is denied pursuant to § 2254(d).

### 5. *Failure to Raise Chapman Errors*

Petitioner contends that trial counsel rendered ineffective assistance by failing to argue that the errors committed at trial were not harmless pursuant to *Chapman v. California*, 386 U.S. 18 (1967). Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. F-2). The trial court denied the claim, finding that trial counsel had no basis to argue that any errors were a violation of *Chapman* because the *Chapman* standard is a standard of review on direct appeal (App. H). The Fifth District Court of Appeal affirmed *per curiam* (App. I).

Petitioner has not demonstrated that he is entitled to relief on this claim. On direct appeal, when an appellant has demonstrated that an error has occurred during trial, the State must then prove beyond a reasonable doubt that the error did not contribute to the verdict. *See McDuffie v. State*, 72 So. 3d 774, 778 (Fla. 5th DCA 2011) (citing *Chapman*, 386 U.S. at 24 and *State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986). Because the *Chapman*

standard is a consideration for direct appeal, Petitioner cannot show that trial counsel was deficient for failing to raise the issue of harmless error at trial.  The state court's determination of this claim was not contrary to, nor was it an unreasonable application of, clearly established federal law.  This claim is denied pursuant to § 2254(d).

### F.    *Claim Eight*

Petitioner claims that trial counsel rendered ineffective assistance by failing to defend against the charges, resulting in the functional equivalent of a guilty plea pursuant to *United States v. Cronic*, 466 U.S. 648 (1984).  Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (App. F-2).  The trial court summarily denied the claim, finding no *Cronic* violation had occurred (App. H).  The Fifth District Court of Appeal affirmed *per curiam* (App. I).

In *Cronic*, the United States Supreme Court stated that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."  *Id.* at 659.  Furthermore, the Court held that in such situations where counsel fails to subject the State's case to adversarial testing no showing of prejudice is required because prejudice is presumed.  *Id.*

Petitioner has not demonstrated that he is entitled to relief with respect to this claim, nor has he shown that he is entitled to a presumption of prejudice.  The Court notes that trial counsel properly conducted a pretrial investigation in this case, presented opening arguments at trial, thoroughly cross-examined the State's witnesses, argued a motion for

judgment of acquittal, presented defense witnesses, presented a viable claim of self-defense, and made closing arguments. There is no indication that defense counsel failed to subject the State's case to meaningful adversarial testing. Petitioner has not demonstrated that trial counsel was ineffective for failing to defend against the charges resulting in the functional equivalent of a guilty plea.

Although Petitioner claims that trial counsel committed many errors when he failed to request discovery, conduct a pretrial investigation, raise the issues of selective and vindictive prosecution, raise a *Brady* violation, request police reports, raise the issue of perjured testimony, object to improper statement on the part of the prosecutor, perform a proper pretrial investigation and deposition of the victim, object to the victim's unavailability, and raise a variance issue, as the Court noted above, Petitioner has not demonstrated that counsel acted in a deficient manner or that any such deficiency resulted in prejudice.

Petitioner has not shown that the state court's determination of this claim was contrary to, or resulted in an unreasonable application of, clearly established federal law. Accordingly, claim eight is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reasons would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Shawn Malmsberry (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of March, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 3/13
Counsel of Record
Shawn Malmsberry